# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL ROSS BEHR, | Civil No. 09-502 (JRT/RLE) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendant. | |

Michael Ross Behr, 813 Linden Street North, P.O. Box 430, Northfield, MN 55057, plaintiff *pro se*.

Hilarie E. Snyder, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044, for defendant.

Plaintiff Michael Behr brought this action against defendant United States alleging that the Internal Revenue Service ("IRS") violated various provisions of the Internal Revenue Code ("I.R.C."). The United States filed a motion to dismiss Behr's complaint. On February 8, 2010, United States Magistrate Judge Raymond L. Erickson issued a Report and Recommendation recommending that the Court grant the United States' motion and dismiss Behr's claims with prejudice. Behr filed affidavits in response, which this Court construes as timely filed objections. The Court reviews *de novo* those portions of the Report and Recommendation to which Behr objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). For the reasons set forth below, the Court

overrules Behr's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

Behr, a *pro se* plaintiff, brings several claims against the United States relating to the IRS' collection and assessment of taxes and penalties associated with Behr's unpaid taxes. Behr alleges that his claims are based on I.R.C. §§ 6325, 6304, 7432, 7433, and 7430. Section 6325 requires the IRS to release tax liens no later than thirty days after the day on which the Secretary finds that the tax liability has been fully satisfied. 26 U.S.C. § 6325(a)(1). Section 7432 provides an individual with a private cause of action for civil damages if the IRS fails to properly release a lien, but requires the individual to bring any such action within two years after the cause of action accrues. *Id.* § 7432(a),(d)(3). Section 6304 prohibits the IRS from harassing, oppressing, or abusing "any person in connection with the collection of any unpaid tax." *Id.* § 6304(b). Section 7433 provides an individual with a cause of action for violations of any provision of the Internal Revenue Code in connection with any collection of federal tax, including the provisions in § 6304, as long as the individual brings the action within two years after the date the cause of action accrues. *Id.* § 7433(a),(d)(3). Under § 7430, an individual prevailing against the United States in connection with a suit related to the collection of taxes may

---

[1] The Court repeats the facts here only to the extent necessary to rule on Behr's objections. The Report and Recommendation provides a more comprehensive recitation of the factual background. (*See* Report and Recommendation at 2-8, Docket No. 21.)

be awarded "reasonable litigation costs incurred in connection with such court proceeding." *Id.* § 7430(a)(1).

In his complaint, Behr pleads facts regarding the IRS' conduct dating back to 1992. In particular, Behr appears to allege that the IRS (1) failed to release federal tax liens after they were satisfied; (2) improperly assessed taxes and calculated penalties related to unpaid taxes; (3) obstructed Behr's two separate bankruptcy cases by submitting false and overstated proofs of claim; and (4) improperly collected unpaid taxes, including a tax sale of Behr's Minnesota residence.

In a comprehensive 52-page Report and Recommendation, the Magistrate Judge carefully reviewed Behr's complaint in light of the applicable standards of review under Federal Rule of Civil Procedure 12(b). The Magistrate Judge liberally and generously construed Behr's complaint, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), sought to define with some degree of specificity Behr's allegations, and addressed relevant I.R.C. provisions – including those Behr did not cite. The Report and Recommendation concluded by recommending that the Court grant the United States' motion and dismiss Behr's claims with prejudice. In reaching that recommendation, the Magistrate Judge determined, *inter alia*, that the Court does not have jurisdiction to hear Behr's claims under 28 U.S.C. § 1346 because as alleged in the complaint, Behr has not paid his tax liability for a majority of the years in question, *see Kaffenberger v. United States*, 314 F.3d 944, 958 (8th Cir. 2003), and because other claims are time-barred. (Report and Recommendation at 14, Docket No. 21.) Notwithstanding that conclusion, the Magistrate Judge conducted a thorough analysis of Behr's allegations and ultimately concluded:

> After an exhaustive review of his Complaint, and its attached Exhibits, we find no basis upon which Behr could support his claim that the IRS undertook any collection action, "the natural consequence of which [wa]s to harass, oppress, or abuse," in violation of section 6304, nor any other statutory violation in the allegations in the Complaint[.] . . . Having carefully considered the allegations, and finding that, at their roots, they are based on Behr's disagreement with the IRS over the amount of his tax liability, as to which this Court has no jurisdiction, we recommend that Behr's Complaint be dismissed, with prejudice.

(Report and Recommendation at 51, Docket No. 21.)

## DISCUSSION

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility," and therefore, must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

In response to the Report and Recommendation, Behr submitted an "Affidavit of Michael R. Behr Response to Record [sic] and Recommendation for Dismissal," (Docket No. 23), which the Court construes as timely filed objections. Behr also submitted with his affidavit several exhibits. (*See* Docket Nos. 22, 24, 25.) Notably, the only reference in Behr's affidavit to the Report and Recommendation is in the heading; Behr does not address the substance of the Magistrate Judge's analysis or conclusions. Instead, Behr states:

> Behr and the IRS apparently agree on the amount of Behr's taxable income and tax liability from 1992 through 2009. The issues are reduced to the IRS' erroneous accounting and the intentional, erroneous, negligent, and reckless collection of Behr's taxes, particularly the sale of Behr's property in 2009 for $308,000 and the misapplication of $249,149.31 . . . of that amount to the 1997 through 2001 tax years which the IRS documents show that all but $413.87 had already been paid.

(Affidavit in Response to Report and Recommendation ¶ 7, Docket No. 23.) Behr also explains—referencing the Magistrate Judge's statement at the hearing about the lack of clarity regarding the outcome of Behr's lawsuit against the IRS in 1997 – that he

"prevailed" against the IRS in a dispute over Behr's actual tax liability. (*Id.* ¶ 8.) Behr's affidavit also asserts various facts regarding the amount of his tax liabilities and disputes the IRS' assertions of his tax liabilities.[2] (*Id.* ¶¶ 9-17.)

At best, Behr's affidavit is merely a recitation of general objections to the Report and Recommendation. The objections do not identify with specificity those portions of the Magistrate Judge's analysis or conclusions to which he objects, and as a procedural matter, Behr's objections are therefore inadequate. *See* Fed. R. Civ. P. 72(b)(2). The Court acknowledges that it may be challenging for even the most experienced practitioner to apply the provisions of the Internal Revenue Code, and Behr's complaint and documents relating to the instant motions and the Report and Recommendation confirm Behr's unfamiliarity with the Code's provisions. However, even *de novo* review of the entirety of the Report and Recommendation yields the conclusion that the Magistrate Judge appropriately determined that the Court must dismiss Behr's claims. *See Belk v. Purkett*, 15 F.3d 803, 814-15 (8th Cir. 1994).[3]

---

[2] Behr's Affidavit abruptly stops in the middle of paragraph 17 on page 8. Behr has not sought to correct this apparent error or to supplement the objections.

[3] The United States contends that "the Eighth Circuit, under these circumstances, appears to require the Court to conduct *de novo* review" under *Belk v. Purkett*. (Response to Objections at 1-2 n.2, Docket No. 26.) The Court is not convinced that *Purkett* requires the Court to conduct a *de novo* review of Behr's objections notwithstanding Behr's failure to specifically identify those portions of the Report and Recommendation to which he objects. As an initial matter, such a holding would appear to vitiate, for objections by *pro se* parties, Federal Rule of Civil Procedure 72's specificity requirement. The Court cannot conclude that the Eighth Circuit so intended to exempt *pro se* parties from Rule 72 or any other Federal Rule of Civil Procedure. Liberal construction of *pro se* documents does not allow courts to waive the *pro se* party's obligation to comply with the rules. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

(Footnote continued on next page.)

Regardless of the procedural faults in Behr's affidavit, the Court has independently reviewed the record in the case, including the complaint, the parties' briefs in support of and in opposition to the United States' motion to dismiss, and Behr's affidavits and exhibits in response to the Report and Recommendation. At the motion to dismiss stage, the record for review before the Court is limited to the complaint and any

---

(Footnote continued.)

Further, the facts in *Purkett* are distinguishable from this case. In *Purkett*, the Eighth Circuit considered a district court's review of a *pro se* petitioner's objections to a Magistrate Judge's Report and Recommendation recommending that the petitioner's habeas corpus petition be denied. 15 F.3d 803, 805 (8th Cir. 1994). The petitioner appealed, arguing that the district court erred by failing to conduct *de novo* review of the magistrate judge's decision. The Eighth Circuit reversed, reasoning in part:

> This Court realizes that it is often difficult to assess the validity of a *pro se* petition. Not versed in the law, the *pro se* habeas petitioner will seldom set forth the issues clearly. He may on occasion flounder in a sea of terminology and jurisprudence. In such situations, it may be difficult to reach the shores of justice without capsizing. It is in just such situations that our district courts must be most alert and where hands-on *de novo* review is most needed.

*Id.* at 814.

Civil tax litigation claims lack the gravity of traditional habeas corpus claims, *see id.* at 805 (recognizing the liberty interests at stake), and there is no indication in *Purkett* that the Eighth Circuit intended to require district courts to conduct *de novo* review of any Report and Recommendation to which a *pro se* party generally objects.

As a matter of prudence, the Court will generally independently consider the appropriateness of a magistrate judge's conclusions in a Report and Recommendation in similar circumstances. *See, e.g.*, *Mayer*, 2008 WL 4527774, at *2 (reviewing independently the record notwithstanding the *pro se* petitioner's failure to identify with specificity the portions of the Report and Recommendation to which she objected). The Court does not concede, however, that an extensive *de novo* review of every aspect of the Report and Recommendation is appropriate in such circumstances. To so require would largely negate the import and effect of referring motions to the magistrate judge, and would lead to inefficiencies in the adjudication of dispositive motions.

documents attached as exhibits that are necessarily embraced by the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

The Magistrate Judge went to great lengths to parse Behr's complaint and to evaluate each factual allegation under applicable I.R.C. provisions.  The Court finds after *de novo* review of the Report and Recommendation that the Magistrate Judge appropriately concluded that Behr's claims should be dismissed because Behr failed to pay the full amount of his tax liability prior to commencing this action as required by 28 U.S.C. § 1346, *see Kaffenberger*, 314 F.3d at 958, because the applicable statutes of limitations had run, and because Behr's complaint failed to state a plausible claim on which relief may be granted.[4]  Moreover, to the extent that the Court would consider any factual allegations contained in Behr's affidavit but not pleaded in the complaint, those allegations do not address the substance of the Report and Recommendation and would not alter or undermine the Magistrate Judge's careful analysis.

Accordingly, the Court overrules Behr's objections and adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff Michael Behr's Affidavits and Exhibits, which the Court construes as Objections to the Report and Recommendation [Docket Nos. 22-25], and

---

[4] Notably, Behr did not plead and has not argued that he has paid the full amount for any tax liability assessed for any year except 1996. (*See* Compl. ¶ 26, Docket No. 1.)

**ADOPTS** the Report and Recommendation of the Magistrate Judge dated February 8, 2010, [Docket No. 21]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant United States of America's Motion to Dismiss [Docket No. 5] is **GRANTED**. Accordingly, the Court **DISMISSES with prejudice** Behr's claims against the United States.

2. Behr's Motion to Grant in Part and Deny in Part Defendant's Motion to Dismiss [Docket No. 11] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 19, 2010  
at Minneapolis, Minnesota.

                                                s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                           United States District Judge